IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LAWASKI CHANNEL, #662763 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-153 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Lawaski Channel, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 52nd District Court of Coryell County, Texas on October 13, 1993. Petitioner was sentenced to ninety-nine years imprisonment in the TDCJ-CID. The Petition does not state the grounds for the conviction, and he did not appeal it.

Petitioner indicates that he filed two writs of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The first was filed in October, 2002; the second was submitted in February, 2004. The Court of Criminal Appeals issued its decision on the first writ on December 3, 2003; the second decision was issued on April 7, 2004. Petitioner does not indicate how the state court ruled on either writ. On March 1, 2005, Petitioner filed the instant writ in federal court challenging his conviction on eight grounds.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to file his writ of habeas corpus in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C. § 2244(d)(1)(A).

1

However, prisoners whose convictions became final prior to the AEDPA's adoption on April 24, 1996 were given a one-year grace period in which to file federal habeas writs by April 24, 1997. *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999).

In this case, Petitioner's conviction became final on December 13, 1993 when the time for appealing his conviction expired. Tex.R.App.P. 26.2(1); *Meyers v. State*, 623 S.W.2d 397, 401 (Tex. Crim. App. 1981). Thus, Petitioner was required to file his habeas writ in federal court by April 24, 1997. The first state writ was not filed until 2002, and this writ in 2005, making the instant habeas writ time barred by the AEDPA's statute of limitations.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Lawaski Channel (Instrument No. 1) be **SUMMARILY DISMISSED** as time barred.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **June 9**, **2005** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___19th___ day of May, 2005.

_____
John R. Froeschner
United States Magistrate Judge